**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND (GREENBELT DIVISION)**

| | | |
|---|---|---|
| In re: | ) | |
| 5410 30th Street DC, LLC, | ) | Case No. 25-19605-LSS |
| Debtor | ) | Chapter 11 |
| | ) | |
| _____ | ) | |
| 5410 30th Street DC, LLC, | ) | |
| Plaintiff | ) | |
| v. | ) | Adv. Pro. No. _____ |
| IBI FALCON US LLC; IBI SBL | ) | |
| INVESTMENT LP; AMIR GOLAN; | ) | |
| OREN STREIT; and TOVA | ) | |
| GREENBAUM, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND PRELIMINARY INJUNCTION**

Plaintiff 5410 30th Street DC, LLC, the Debtor and Debtor-in-Possession, by and through undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 7065, and Federal Rule of Civil Procedure 65, for entry of a temporary restraining order and preliminary injunction. In support, Plaintiff states:

## I. Procedural Posture

1. This motion is filed contemporaneously with Plaintiff's Adversary Complaint, opening this adversary proceeding under Federal Rule of Bankruptcy Procedure 7001(g), in accordance with this Court's Order entered May 13, 2026 (Main Case Doc. 164) denying without prejudice the Debtor's prior motion for the same relief. The procedural defect identified by the Court — that injunctive relief must be sought via adversary proceeding — has now been cured.

2. The facts supporting this motion are set forth in (a) the Adversary Complaint, (b) the re-filed Declaration of Zanetta M. Williams, and (c) the record of the main case, including [Main Case DE #60] (Motion to Enforce Stay), [DE #68] (IBI's Opposition), the Supplement to Motion to Enforce Stay, and the Motion for Order to Show Cause, all of which are incorporated by reference.

## II. The Winter Factors Are Satisfied

3. A movant seeking a TRO or preliminary injunction must show: (i) a likelihood of success on the merits; (ii) likely irreparable harm; (iii) that the balance of equities tips in its favor; and (iv) that the injunction is in the public interest. Winter v. NRDC, 555 U.S. 7, 20 (2008). Each factor is satisfied here.

### A. Likelihood of success

IBI's own writings — the May 3, 2026 Golan email ("we are proceeding with the enforcement process"), the WhatsApp ultimatum ("continue at FC with your bankruptcy"), and the written refusal to communicate through counsel ("We prefer to discuss commercial terms with you directly") — establish, on the face of the record, willful violations of 11 U.S.C. § 362(a)(1), (3), (4), and (6) under In re Bennett, 317 B.R. 313, 316 (Bankr. D. Md. 2004), and leave no "fair ground of doubt" under Taggart v. Lorenzen, 139 S. Ct. 1795, 1799 (2019).

### B.  Irreparable harm

IBI has by counsel reserved its asserted right to resume the contacts ("I do not believe any such communications are — or would be — violative of the Automatic Stay"). The May 3 email expressly threatens "loss of the property and Zanetta's equity." Loss of the principal estate asset and disruption of the reorganization are irreparable. See A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986).

### C.  Balance of equities

IBI retains every right to litigate its claims through the Court — and is doing so by motion to convert, claim objection response, and disclosure-statement objection. The injunction asks IBI only to do what its own counsel told the Court IBI would do.

### D.  Public interest

The integrity of the automatic stay, the orderly administration of bankruptcy estates, and accountability for representations made by officers of this Court all align with the requested relief.

## III.  Bond

4.  The Court should waive the bond requirement of Federal Rule of Civil Procedure 65(c) (incorporated by Bankruptcy Rule 7065). The relief enforces the existing statutory injunction of § 362, is in furtherance of the Bankruptcy Code, and a bond would impose an undue burden on the estate.

## IV.  Request for Expedited Hearing

5.  Plaintiff respectfully requests that the Court set this motion for an expedited hearing on the temporary restraining order, with a preliminary-injunction hearing to follow within fourteen (14) days under Civil Rule 65(b). Plaintiff is contemporaneously filing a Motion to Shorten Time.

## V.  Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order, in substantially the form submitted herewith:

- Granting this motion;
- Issuing a temporary restraining order — and, after hearing, a preliminary injunction — restraining and enjoining IBI Falcon US LLC, IBI SBL Investment LP, their officers, directors, principals, employees, agents, attorneys, affiliates, parents, subsidiaries, and all persons in active concert or participation with them, including without limitation Amir Golan, Oren Streit, Tova Greenbaum,

Michael J. Palumbo, Anthony J. Gingo, Russell S. Drazin, the law firm of Gingo Palumbo Law Group, and the law firm of Pardo & Drazin, LLC, from any communication of any kind — whether by email, telephone, WhatsApp or other messaging application, text message, social media, in-person contact, third party, or otherwise — with the Debtor, with Zanetta M. Williams, with any prospective buyer or refinancing lender, or with any third party concerning the Loan, the Property, or any "enforcement," foreclosure, settlement, refinancing, or related subject, except (i) by motion or pleading filed with this Court, or (ii) in writing by Maurice B. VerStandig, Esq. directed to undersigned counsel;

- Directing all enforcement activity (substitute-trustee actions, broker engagements, notices of default, settlement demands, and contacts with prospective buyers or lenders concerning the Property) to cease immediately;

- Directing Defendants and all persons in active concert with them to preserve all email, WhatsApp data, voicemail, call logs, mobile devices, and other electronic records concerning the Debtor, the Property, the Loan, or any of the matters at issue in this case;

- Setting an expedited hearing date on the temporary restraining order;

- Waiving the bond requirement of Federal Rule of Civil Procedure 65(c); and

- Granting such other and further relief as the Court deems just and proper.

Dated: May 20, 2026

Respectfully submitted,

/s/ Deirdre T. Johnson
Deirdre T. Johnson, Esq.
Bar No. MD14227
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
Phone: (301) 742-5385
dtjesq@dtjohnsonlaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of May, 2026, a copy of the foregoing PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION was served via the Court's CM/ECF system, with copies via email to:

- Maurice B. VerStandig, Esq., mac@mbvesq.com
- L. Jeanette Rice, Chapter 11 Trustee, Jeanette.Rice@usdoj.gov
- Office of the U.S. Trustee – Greenbelt, USTPRegion04.GB.ECF@USDOJ.GOV

/s/ Deirdre T. Johnson
Deirdre T. Johnson, Esq.