**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND (GREENBELT DIVISION)**

| | | |
|---|---|---|
| In re: | ) | |
| 5410 30th Street DC, LLC, | ) | Case No. 25-19605-LSS |
|     Debtor | ) | Chapter 11 |
| | ) | |
| _____ | ) | |
| 5410 30th Street DC, LLC, | ) | |
|     Plaintiff | ) | |
| v. | ) | Adv. Pro. No. _____ |
| IBI FALCON US LLC; IBI SBL | ) | |
| INVESTMENT LP; AMIR GOLAN; | ) | |
| OREN STREIT; and TOVA | ) | |
| GREENBAUM, | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S MOTION TO SHORTEN TIME ON MOTION FOR**
**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff 5410 30th Street DC, LLC, by and through undersigned counsel, hereby moves the Court, pursuant to Federal Rule of Bankruptcy Procedure 9006(c)(1) and Local Bankruptcy Rule 9013-3, to shorten the time for hearing on the contemporaneously filed Motion for Temporary Restraining Order and Preliminary Injunction (the "TRO Motion"). In support, Plaintiff states:

1. Cause exists to shorten time. The Court denied an essentially identical motion in the main case on May 13, 2026 on procedural grounds (Doc. 164) without reaching the merits. The procedural defect — failure to bring the request via adversary proceeding under Bankruptcy Rule 7001(g) — has now been cured by the contemporaneously filed Adversary Complaint and TRO Motion. The underlying threat of irreparable harm has not abated.

2. IBI's own counsel has expressly reserved IBI's asserted "right" to continue the direct contacts ("I do not believe any such communications are — or would be — violative of the Automatic Stay"). The May 3, 2026 email from IBI's Managing Partner expressly declares that IBI is "proceeding with the enforcement process" and threatens "loss of the property and Zanetta's equity." The WhatsApp record contains an explicit ultimatum to "continue at FC [foreclosure] with your bankruptcy." These statements remain in force on the record.

3. The Debtor and the personal guarantor cannot make plan, financing, or sale decisions while IBI maintains its asserted right to coerce the principal at any moment. Each additional day of delay compounds the harm to the estate and impairs the Debtor's reorganization.

4. Plaintiff requests that the Court set the TRO hearing within seven (7) days of the filing of the TRO Motion, with response time abbreviated as the Court deems appropriate, and with the preliminary-injunction hearing to be set within fourteen (14) days of any TRO under Civil Rule 65(b).

5. Counsel has provided notice of this motion and the TRO Motion to Maurice B. VerStandig, Esq., counsel of record for IBI, by email and CM/ECF concurrently with this filing.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

- Granting this motion;
- Shortening the time for hearing on the contemporaneously filed Motion for Temporary Restraining Order and Preliminary Injunction;
- Setting an expedited hearing date on the TRO within seven (7) days of the filing of the TRO Motion;
- Abbreviating the time for response to such period as the Court deems appropriate; and
- Granting such other and further relief as the Court deems just and proper.

Dated: May 20, 2026

Respectfully submitted,

/s/ Deirdre T. Johnson
Deirdre T. Johnson, Esq.
Bar No. MD14227
9701 Apollo Dr, Suite 301
Upper Marlboro, MD 20774
Phone: (301) 742-5385
dtjesq@dtjohnsonlaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ___ day of May, 2026, a copy of the foregoing was served via the Court's CM/ECF system, with copies via email to:

- Maurice B. VerStandig, Esq., mac@mbvesq.com
- L. Jeanette Rice, Chapter 11 Trustee, Jeanette.Rice@usdoj.gov
- Office of the U.S. Trustee – Greenbelt, USTPRegion04.GB.ECF@USDOJ.GOV

/s/ Deirdre T. Johnson
Deirdre T. Johnson, Esq.